IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH TAYLOR, SR. and )
BETTY TAYLOR, )
        Plaintiffs, )
)
v. ) Civil Action No. 06-0382
)
C&A LEASING, INC., et al. )
        Defendants. )

## ORDER

AND NOW this 22nd day of January, 2007, IT IS HEREBY ORDERED that plaintiffs' motion to compel [doc. no. 19] and plaintiffs' motion for in camera inspection [doc. no. 24] are DENIED. By virtue of defendants' failure to produce any surveillance tapes, or information related thereto, pursuant to Federal Rule of Civil Procedure 26(a)(1), or to seek a protective order to avoid doing so, defendants have acknowledged that they will use such items, if they exist, "solely for impeachment", and not as substantive evidence at trial.

However, defendants will be required to respond to plaintiffs' Interrogatories and Request for Production of Documents regarding surveillance issues after plaintiffs have been deposed regarding Mr. Taylor's alleged injuries, limitations, and disabilities. Johnson v. National R.R. Passenger Corp., 1987 WL 16311, *1 (E.D. Pa. Aug. 27, 1987) (citing cases); see also Jenkins v. Rainner, 350 A.2d 473 (N.J. 1976) (for in depth discussion of relevant issues under analogous

New Jersey rule of procedure). After defendants have memorialized plaintiffs' testimony, plaintiffs are entitled to review the evidence in order to, among other things, challenge its authenticity, and evaluate its substantive value.

Finally, we find that here is no justification, in fact or law, for the court to conduct an in camera review of the tapes, if they exist. Should disputes arise later as to the evidentiary value of the information, the court may address those issues in the context of the appropriate pre-trial procedures.

BY THE COURT,

_____, J.

cc: All Counsel of Record